1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   CODY NICHOLS,                          )     Civil No. 07cv2039-L(NLS)
                                            )
12                    Plaintiff,            )
                                            )     **TEMPORARY RESTRAINING**
13   v.                                     )     **ORDER AND ORDER TO SHOW**
                                            )     **CAUSE RE: PRELIMINARY**
14   DEUTSCHE BANK NATIONAL TRUST           )     **INJUNCTION**
     COMPANY, as Trustee for Morgan         )
15   Stanley Loan Trust 2006-HE4, *et al.*  )
                                            )
16                    Defendants.           )
                                            )
17   ─────────────────────────────────     )

18          Plaintiff Cody Nichols, owner of his principal residence located at 2010 Rancho

19   Manzanita  in Boulevard, California ("Property"), refinanced the mortgage on the Property.

20   Subsequently, he filed a complaint pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C.

21   §§ 1601 *et seq.* to enforce his right to rescind a consumer credit transaction, void Defendants'

22   security interest in the Property and avoid foreclosure.  Pursuant to 28 U.S.C. § 1331, the court

23   has subject matter jurisdiction over the case, because the action arises under TILA, a federal

24   statute.

25          On October 16, 2007, Plaintiff sent Defendants a Notice of Rescission of Mortgage,

26   requesting, among other things, that the foreclosure be postponed or cancelled.  On November

27   19, 2007, Plaintiff filed an application for a temporary restraining order ("TRO") and

28   preliminary injunction, seeking to enjoin the foreclosure sale, currently scheduled for November

26, 2007. Defendants were served with Plaintiff's moving papers on November 2 and 5, 2007, respectively, at least two weeks before Plaintiff filed them with the court, however, they have not responded. Because it is unopposed (*see* Civ. L. Rule 7.1(f)(3)(c)) and for the reasons which follow, Plaintiff's TRO application is **GRANTED**.

In February 2006, Plaintiff refinanced the Property by entering into a promissory note with Defendant Decision One Mortgage Company, LLC ("Decision One"), secured by a first deed of trust on the Property. The proceeds were used to pay off the existing mortgage held by a third party lender. Subsequently, Decision One sold the mortgage to Defendant Deutsche Bank National Trust.

Plaintiff was not provided with copies of the loan documents when he signed them. On February 24, 2006, a Friday, at approximately 8 p.m., lender's notary came to Plaintiff's home with the loan papers for Plaintiff to sign. Plaintiff was rushed by the lender's notary and did not have an opportunity to read the documents. Plaintiff was not left with a copy of the documents, but was told they would arrive by mail at a later date. However, the documents did not arrive. Plaintiff's mother, who also resides at the Property, subsequently called the lender and requested a copy of the documents. A package was sent on May 16, 2006, which contained certain unsigned documents, including a Notice of Right to Cancel, stating Plaintiff had until February 28, 2006 to cancel the loan. Plaintiff therefore believed the time to cancel had expired. When Plaintiff defaulted on the loan, a foreclosure date was set.

Plaintiff argues that because Defendants did not make all the material disclosures required by TILA, his right to cancel the loan was extended to three years. On October 16, 2007, Plaintiff's counsel sent a Notice of Rescission of Mortgage to Defendants and requested that the foreclosure be postponed or cancelled. Defendants did not directly respond to the notice, but advanced the foreclosure date from November 2 to October 30, 2007. Due to the county-wide wildfire emergency the week of October 22, 2007, the sale was postponed until Monday, November 26, 2007. Plaintiff argues that his notice of rescission was timely, it voids Defendants' security interest in the Property, and is therefore sufficient to avoid foreclosure.
/ / / / /

1    Preliminary injunctive relief, including a TRO, "is not a preliminary adjudication on the

2    merits, but a device for preserving the *status quo* and preventing the irreparable loss of rights

3    before judgment."  *Textile Unlimited, Inc. v. A.BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir.

4    2001).  "The *status quo ante litem* refers not simply to any situation before the filing of a

5    lawsuit, but instead to the last uncontested status which preceded the pending controversy."

6    *GoTo.com, Inc. v. The Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000).  A party seeking

7    preliminary injunctive relief, including a temporary restraining order, under Rule 65 must show

8    either (1) a combination of probable success on the merits and the possibility of irreparable

9    harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips

10   sharply in the moving party's favor.  *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115,

11   1119 (9th Cir. 1999).  "These two formulations represent two points on a sliding scale in which

12   the required degree of irreparable harm increases as the probability of success decreases."  *Roe*

13   *v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998).

14       "TILA and Reg Z contain detailed disclosure requirements for consumer loans.  A

15   lender's violation of TILA allows the borrower to rescind a consumer loan secured by the

16   borrower's primary dwelling.  Technical or minor violations of TILA or Reg Z, as well as major

17   violations, impose liability on the creditor and entitle the borrower to rescind."  *Semar v. Platte*

18   *Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986) citing 15 U.S.C.

19   § 1635(a).  "TILA required that the documents state specifically the last date on which the

20   [borrower] could rescind the loan agreement without penalty.  TILA's 'buyer's remorse'

21   provision allows borrowers three business days to rescind, without penalty, a consumer loan that

22   uses their principal dwelling as security.  TILA and its regulations, issued by the Federal

23   Reserve System, 12 C.F.R. §§ 226.1- .29 ('Reg Z'), require the lender to provide a form stating

24   the specific date on which the three-day rescission period expires.  If the lending institution

25   omits the expiration date and fails to cure the omission by subsequently providing the

26   information, the borrower may rescind the loan within three years after it was consummated."

27   *Id.* at 701-02, citing 15 U.S.C. § 1635(a) & (f); 12 C.F.R. § 226.23(b)(5).  If the borrower timely

28   exercises his

1  / / / / /

2  or her right to rescind, "the security interest giving rise to the right of rescission becomes void . .

3  .." 12 C.F.R. § 226.23(d).

4       Because Plaintiff was not provided with notice of the last date on which he could rescind

5  the transaction until after the period had expired, it appears Defendants did not provide him with

6  material disclosures as required by 15 U.S.C. § 1635(a) and Reg Z.  It is therefore very likely

7  Plaintiff could prevail on the argument he was entitled to rescind the loan within three years of

8  February 24, 2006.  Because Plaintiff's rescission letter was sent within this time period, it is

9  very likely that the lender's security interest in the Property is void.  The lender cannot foreclose

10  on the Property without a security interest.  The court finds Plaintiff has shown a strong

11  probability of success on the merits.

12       The court next considers whether Plaintiff has also made the requisite showing of

13  possibility of imminent irreparable harm.  *See Sun Microsystems*, 188 F.3d at 1119.  Plaintiff

14  maintains that a loss of his home to foreclosure would constitute irreparable harm not only

15  because his home is unique to him but also because his father, who is severely ill, resides at the

16  Property and likely would be severely impacted if he had to leave.  The court finds that the

17  imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm.  *See*

18  *Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988)

19  (foreclosure of real property irreparable harm).[1]  On balance, the court also finds that the harm

20  likely to result to Plaintiff from foreclosure substantially outweighs any financial harm to

21  Defendants if the restraining order is improperly granted.

22       For the foregoing reasons, Plaintiff's application for a temporary restraining order is

23  **GRANTED** pending a hearing on his motion for a preliminary injunction.

24       Accordingly, **IT IS HEREBY ORDERED** that Defendants Deutsche Bank National

25  Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-HE4, and Decision One

26

27       [1]     In addition, the court notes that Plaintiff's right to rescind expires upon the sale of

28  the property.  12 C.F.R. § 226.23(a)(3).  If the foreclosure is allowed to proceed, he will lose his
right to rescind the loan transaction.

07cv2039

Mortgage Company, LLC and their servicers, agents, assigns, employees, officers, attorneys, and representatives are **HEREBY RESTRAINED AND ENJOINED** from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the real property located at 2010 Rancho Manzanita, Boulevard, California 91905 ("Property"), including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any foreclosure instrument, deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property scheduled for November 26, 2007.

This Temporary Restraining Order is effective immediately.  As security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the deed of trust shall remain on the Property as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall be binding on the parties to this action and all other persons or entities who receive actual notice of this order.

Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-HE4, and Decision One Mortgage Company, LLC are **HEREBY ORDERED TO SHOW CAUSE** at 11:00 a.m. on **December 10, 2007** or as soon thereafter as counsel may be heard in United States District Court for the Southern District of California, Courtroom 14, located at 940 Front Street, San Diego, CA 92101, why you, your servicers, agents, assigns, employees, officers, attorneys, and representatives and those in active concert or participation with you or them, should not be restrained and enjoined pending trial of this action from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the Property, including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property.
/ / / / /

/ / / / /

The briefing schedule for the order to show cause is as follows:

1.  Plaintiff shall immediately serve Defendants by overnight mail with this order and all papers it has filed in support thereof.  Proof of service shall be filed no later than November 26, 2007.

2.  No later than November 28, 2007 at 4:30 p.m. Defendants shall file and serve by overnight mail a memorandum of points and authorities no longer than fifteen (15) pages and supporting evidence, if any, to show cause why a preliminary injunction should not issue.

3.  No later than December 4, 2007 at 4:30 p.m., Plaintiff shall file and serve by overnight mail a responsive memorandum of points and authorities no longer than fifteen (15) pages and supporting evidence, if any.

**IT IS SO ORDERED**.


DATED:  November 21, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

6

07cv2039