UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY NICHOLS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Loan Trust 2006-HE4, *et al.*<br><br>　　　　　Defendants. | Civil No. 07cv2039-L(NLS)<br><br>**ORDER CONTINUING HEARING DATE AND GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE HEARING ON ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

　　　　On December 6, 2007 the parties filed a Joint Motion to Continue Hearing on Order to Show Cause Re: Preliminary Injunction. For reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

　　　　On November 21, 2007 the court issued a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. Among other things, the order restrained Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-HE4 ("Deutsche Bank"), and Decision One Mortgage Company, LLC ("Decision One") and their servicers, agents, assigns, employees, officers, attorneys, and representatives from conducting a foreclosure sale of Plaintiff's residence, and set a hearing on order to show cause ("OSC") why a preliminary injunction should not issue for December 10, 2007 at 11:00 a.m.. The order also set a briefing schedule for the hearing, ordering Defendants to respond to the OSC no later than

November 28, 2007 and Plaintiff to reply no later than December 4, 2007. As ordered, Plaintiff served Defendants with the order and its moving papers by overnight mail on November 21, 2007.

Defendants have not responded to the OSC as ordered, but instead filed the instant joint motion. Although the joint motion is styled as a motion to continue the December 10 hearing, Defendants also request an extension of time to file their respective responses to the OSC from November 28, 2007 to December 31, 2007. Under the proposed briefing schedule, Plaintiff's reply would be due on January 7, 2008 and the hearing would be continued to January 14, 2008. Plaintiff stipulated to the request.

Federal Rule of Civil Procedure 6(b) provides district courts with discretion to grant extensions of time. This is so even when the request is made after the expiration of the time period to be extended, provided the request is made by motion and the delay was caused by excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395). The district court's discretion in this regard is broad. *See id.* at 859.

Counsel for Deutsche Bank was retained on November 28, 2007, the date when the response to the OSC was due. Furthermore, its client is still in the process of gathering the requisite documents necessary to prepare the response. The court therefore finds that Deutsche Bank's request meets the Rule 6(b)(1)(B) excusable neglect standard and its request to extend the time to file a response is **GRANTED**.

/ / / / /

1  Although Decision One joined in the motion, it provided no explanation why it needs an
2  extension of time to respond.  On November 26, 2007, Decision One, represented by counsel,
3  filed an answer to Plaintiff's complaint.  Accordingly, the court finds that Decision One has not
4  met the excusable neglect standard and its request to extend the time to file a response is
5  **DENIED**.
6  For the foregoing reasons, the request to extend the time for Plaintiff's reply is
7  **GRANTED** and the currently set hearing date of December 10, 2007 at 11:00 a.m. is
8  **CONTINUED**.  The request to continue the hearing date to January 14, 2008 at 11:00 a.m. is
9  **DENIED**, however, because the proposed date is not available on the court's calendar.
10  Accordingly, **IT IS HEREBY ORDERED** as follows:
11  1. The Joint Motion to Continue Hearing on Order to Show Cause re: Preliminary
12  Injunction is **GRANTED IN PART AND DENIED IN PART** as set forth above.
13  2. The Order to Show Cause re: Preliminary Injunction is **CONTINUED** from December
14  10, 2007, at 11:00 a.m. to **January 22, 2008 at 11:00 a.m**.
15  3. No later than December 31, 2007 at 4:30 p.m. Defendant Deutsche Bank shall file and
16  serve by facsimile or personal service a memorandum of points and authorities no longer than
17  fifteen (15) pages and supporting evidence, if any, to show cause why a preliminary injunction
18  should not issue.
19  4. No later than January 7, 2008 at 4:30 p.m. Plaintiff shall file and serve by facsimile or
20  personal service a responsive memorandum of points and authorities no longer than fifteen (15)
21  pages and supporting evidence, if any.
22  5. The temporary restraining order granted on November 21, 2007 shall remain in full
23  force and effect until the continued order to show cause hearing.  The Rule 65(c) security for the
24  temporary restraining order shall remain as provided in the November 21, 2007 order.
25  **IT IS SO ORDERED**.
26  DATED: December 6, 2007

M. James Lorenz
United States District Court Judge

1 | COPY TO:
2 | HON. NITA L. STORMES
3 | UNITED STATES MAGISTRATE JUDGE
4 | ALL PARTIES/COUNSEL